IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO CEASAR SEGURA, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-17-0931 |
| | : (Judge Caputo) |
| SECRETARY JOHN WETZEL, *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

I. **Introduction**

Presently before the Court is Mr. Segura's Motion for Appointment of Counsel (ECF No. 3) pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff seeks court appointed counsel in this matter due to his inability to afford counsel, his limited knowledge of law, his limited access to the law library due to his incarceration, need for a possible expert and his belief that the Pennsylvania Department of Corrections (DOC) will not provide him with discovery.

For the reasons set forth below, the motion will be denied.

II. **Background**

Plaintiff Julio Segura, a state prisoner currently incarcerated at SCI-Huntingdon brings the instant *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, challenging his placement on the Restricted Release List (RRL) based on his significant history of mental illness.

## III. Standard of Review

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); see also Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).

In its decision, the Tabron Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, "the district court must consider as a threshold the merits of the plaintiff's claim." Tabron, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." Id. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." Id.

In addition to the indigent plaintiff's ability to present his or her case, Tabron requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's capacity to retain counsel on his own behalf; (4) the extent to which a case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. Id. at 155 - 57. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. Id. at 157. Moreover, it is

noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id.* at 156.

Finally, district "courts have no authority to compel counsel to represent an indigent civil litigant," *id.* at 157 n. 7, and courts are cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

IV.     **Discussion**

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time.

This case is in its procedural infancy. Defendants were recently served with the Complaint. Defendants will either challenge the legal basis of the Complaint or file an answer. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel. Additionally, the Court notes that to date Mr. Segura's filings have been legible, clearly written and demonstrate clarity of thought and ability to present cogent arguments. He does not suggest, or provide other documentation, that he presently suffers from any impediment unusual to other *pro se* prisoner litigants that appear before this Court. Although Mr. Segura unsuccessfully sought the assistance of one legal counsel to assist him in this matter, he fails to advise the Court of any subsequent efforts he has made to obtain counsel on his own.

To the extent that Mr. Segura' request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of pro se pleadings. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

There is no evidence, at this early point in the litigation, that any prejudice will befall Mr. Segura in the absence of court appointed counsel. Consequently, Mr. Segura's request for counsel will be denied without prejudice. Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either sua sponte or upon a motion properly filed.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

Date: August 14, 2017