**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JULIO CEASAR SEGURA,         :
                                :

     **Plaintiff**                :

                                :    **CIVIL ACTION NO. 3:CV-17-0931**

     **v.**                     :

                                :    **(Judge Caputo)**

SECRETARY JOHN WETZEL, *et al.,*  :
                                :

     **Defendants**            :


# M E M O R A N D U M

## I.    Introduction

On May 26, 2017, Plaintiff, Julio Ceasar Segura, Jr., an inmate presently confined at the Smithfield State Correctional Institution, in Huntingdon, Pennsylvania, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1, Compl.)  In his Complaint, Mr. Segura argues that he has a Mental Health Stability Score of D, severely mentally ill, was improperly placed on the Restricted Release List (RRL) and continues to be held in administrative custody without due process.  Named as Defendants are the following Pennsylvania Department of Corrections (DOC) employees: Secretary John Wetzel; Executive Deputy Shirley Moore-Smeal; and Regional Deputy Bickle.

Presently pending before the Court are Plaintiff's motions to appoint counsel (ECF Nos. 24 and 31) and motions for witnesses (ECF No. 26 and 32).  For the reasons set forth below, the motions will be denied.

**II.    Motions for Appointment of Counsel**

Mr. Segura has filed three motions for counsel.  The first was filed while he was housed in SCI-Camp Hill's Mental Health Unit (MHU) and did not have access to legal research materials.  (ECF No. 24.)  His second motion for counsel is additionally premised on his unsuccessful attempts to secure counsel on his own from agencies and organizations.  (ECF No. 31.)  His third motion (ECF No. 37) is based on his indigent status and ongoing mental health issues which have necessitated his transfer to various mental health settings within the DOC.  The Court notes that the DOC's inmate locator, accessed this day, reflects Mr. Segura's current placement at SCI-Smithfield.  *See* http://inmatelocator.cor.pa.gov.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456 – 57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  "Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of <u>special circumstances</u> indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present facts and legal issues to the court in a complex but arguably meritorious case.'"  *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)) (emphasis in original).

"[V]olunteer lawyer time is a precious commodity", *Montgomery*, 294 F.3d at 499, so the decision to recruit counsel for an indigent prisoner should be exercised "discerningly." *Id.* at 505 n.10. The United States Court of Appeals for the Third Circuit has provided guidance for the exercise of the district court's discretion in this regard. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499. A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted). If the threshold requirement is met, the Court then considers a number of factors established by the United States Court of Appeals for the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include:

(1)     the plaintiff's ability to present his own case;

(2)     the difficulty of the particular legal issues;

(3)     the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

(4)     the plaintiff's capacity to retain counsel on his own behalf;

(5)     the extent to which a case is likely to turn on credibility determinations; and

(6)     whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155 - 57. The plaintiff's ability to present a case is "[p]erhaps the most significant" consideration and depends on factors such as "the plaintiff's education, literacy, prior work experience, and prior litigation experience … along

with a plaintiff's ability to understand English …[and] the restraints placed upon a prisoner plaintiff by confinement." *Montgomery*, 294 F.3d at 501 (internal quotation marks and citations omitted).

Mr. Segura seeks the appointment of counsel based on his bi-polar mental health issues and his confinement in a MHU which offers limited access to legal research materials.  Notably, Mr. Segura no longer labors under the restrictions of the MHU setting and is currently housed at SCI-Smithfield.  Mr. Segura's ability to communicate effectively in English is demonstrated by his various filings.  His arguments are clearly worded and express rational arguments.  Moreover, Defendants have yet to respond to the Complaint.  Defendants will either challenge the legal basis of the Complaint or file an answer.  It is not until these matters are resolved will the Court be able to examine the threshold question of arguable factual and legal merit of Mr. Segura's claims for the purpose of appointing counsel.

Having reviewed the Complaint and considered the nature of the factual and legal issues involved, as well as Mr. Segura's ability to present his claims, there is no evidence, at this point, that any prejudice will result in the absence of counsel. Consequently, the appointment of counsel is not warranted at this time.  Mr. Segura's motions for counsel will be denied.


III.    **Motions to Compel the Appearance of Witnesses**

Plaintiff seeks to compel the appearance of various mental health professionals to testify that his placement in a residential treatment unit (RTU) "would be better fitting instead of RRL/DTU status" based on his mental health

status.  (ECF No. 26.)  Specifically, he seeks the Court to "call upon" the following professionals to testify:   Rachel Fusco, Jeffrey Shook, Dr. Olsen and Mr. Dhiel. (ECF Nos. 26 and 32.)   As noted above, Defendants have yet to respond to the Complaint.   The presentation of witnesses and other evidence in this matter is premature.  Moreover, the Court does not call or pay for medical experts on behalf of a *pro se* litigant.  *See Tabron*, 6 F.3d at 159 ("There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.")

As a *pro se* litigant, Mr. Segura will have the opportunity to conduct his own discovery in this matter.  Although incarcerated he may serve written interrogatories, document requests, and requests for admissions.  Notably, Mr. Segura recently filed with the Court a request for production of documents addressed to the Defendants. See ECF No. 41.  While it is unnecessary for Plaintiff to file discovery requests with the Court, unless in connection with a discovery dispute, his filing demonstrates his ability to conduct discovery.   Accordingly, Mr. Segura's motion for the Court to compel the mental health witness to testify in this matter is premature and will be denied.

An appropriate order will follow.


DATE:  October 19, 2017                    /s/ A. RICHARD CAPUTO
                                           A. RICHARD CAPUTO
                                           United States District Judge