**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JULIO CEASAR SEGURA,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:CV-17-0931** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **SECRETARY JOHN WETZEL, *et al.,*** : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I. Introduction**

Presently before the Court is Mr. Segura's fourth motion for appointment of counsel. (ECF No. 51.) Mr. Segura identifies himself as mentally ill and unstable. He claims to be awaiting long term placement at SCI-Waymart's forensic treatment center. He cuts himself and swallows things because he has "no control". (*Id.*) Mr. Segura filed his present motion for appointment of counsel while housed in SCI-Camp Hill's Mental Health Unit (MHU) where he had no access to a law library or his legal property. He presently seeks the Court to appoint him counsel due to his lack of access to legal resource materials, ongoing mental health issues, and the lack of access to his legal materials. He also claims he does not know how to proceed in this matter. (*Id.*) Mr. Segura recently notified the Court of his transfer to SCI-Smithfield, his parent institution. (ECF No. 54.)

For the reasons that follow, Mr. Segura's fourth motion for counsel will be denied.

## II. Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456 – 57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). "Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of <u>special circumstances</u> indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present facts and legal issues to the court in a complex but arguably meritorious case.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)) (emphasis in original).

"[V]olunteer lawyer time is a precious commodity", *Montgomery*, 294 F.3d at 499, so the decision to recruit counsel for an indigent prisoner should be exercised "discerningly." *Id.* at 505 n.10. The United States Court of Appeals for the Third Circuit has provided guidance for the exercise of the district court's discretion in this regard. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499. A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted). If the threshold requirement is met, the Court then considers a number of factors established by the United States Court of Appeals for

the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include:

(1) Plaintiff's ability to present his own case;

(2) the difficulty of the particular legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

(4) Plaintiff's capacity to retain counsel on his own behalf;

(5) the extent to which a case is likely to turn on credibility determinations; and

(6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155 - 57. The plaintiff's ability to present a case is "[p]erhaps the most significant" consideration and depends on factors such as "the plaintiff's education, literacy, prior work experience, and prior litigation experience … along with a plaintiff's ability to understand English …[and] the restraints placed upon a prisoner plaintiff by confinement." *Montgomery*, 294 F.3d at 501 (internal quotation marks and citations omitted).

As noted above, Mr. Segura seeks the appointment of counsel based on his bi-polar mental health issues and his confinement in a MHU which offers limited access to legal research materials. Mr. Segura is no longer housed in SCI-Camp Hill's MHU and is back at his parent institution, SCI-Smithfield. He does not argue that he has limited access to his legal materials or the law library at his present location. Mr. Segura's concern that he does not know how to proceed in this action due to his lack of legal training is not unlike the majority of incarcerated pro se

litigants. If Mr. Segura needs additional time to fulfill his filing obligations, all he need do is request an enlargement of time from the Court. Nevertheless, the Court notes that to date Mr. Segura has effectively communicated his concerns and issues to the Court in his written filings. To the extent Mr. Segura claims his mental health diagnosis somehow impedes his ability to move forward in this matter, the Court is not persuaded. Having a mental health diagnosis does not necessarily imply an inability to proceed *pro se*. Mr. Segura does not provide evidence that he is being treated for mental illness of the type that would render him legally incompetent. Without more than his professed inability to represent himself in this matter due to his mental health diagnosis the Court has no basis to make a finding as to Mr. Segura's alleged incompetency.

Having reviewed the Complaint and considered the nature of the factual and legal issues involved, as well as Mr. Segura's ability to present his claims, there is no evidence, at this point, that any prejudice will result in the absence of counsel. Consequently, the appointment of counsel is not warranted at this time. Mr. Segura's motion for counsel will be denied without

An appropriate order will follow.


**DATE:　January 23, 2018**　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

- 4 -