# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO CEASAR SEGURA, : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:CV-17-0931 |
| v. : | |
| : | (Judge Caputo) |
| SECRETARY JOHN WETZEL, *et al.*, : | |
| Defendants : | |

# M E M O R A N D U M

## I. Introduction

Presently pending before the Court are the following motions: (1) Mr. Segura's motion to compel discovery (ECF No. 53); (2) Plaintiff's motion for a "status update" concerning his motion to compel (ECF No. 69); (3) the parties' independent motions to extend the discovery period (ECF Nos. 68 and 71); (4) Defendants' motion for summary judgment (ECF No. 72); (5) Plaintiff's motion for enlargement pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 75); and (6) Plaintiff's motion for counsel (ECF No. 76). For the reasons that follow, Plaintiff's motion for counsel will be conditionally granted, the discovery period in this matter extended, and Defendants' motion for summary judgment dismissed without prejudice.

## II. Relevant Factual and Procedural Background

Mr. Segura, a state inmate presently housed by the Pennsylvania Department of Corrections (DOC) at the Smithfield State Correctional Institution (SCI-Smithfield), in Huntingdon, Pennsylvania, initiated this civil rights action on May 18, 2017. (ECF No. 1, Compl.) He presently proceeds *pro se* and *in forma pauperis*. Mr. Segura has a Mental Health Stability Score of D and challenges his placement in the Restricted Housing Unit (RHU) on Administrative Custody Status on March 16, 2017, and his April 2017 placement on the Restricted Release List (RRL).[1] He claims Defendants (Secretary John Wetzel, Executive Deputy Secretary Shirley Moore-Smeal and Middle District Regional Deputy Secretary Tabb Bickle) violated his Eighth Amendment and Due Process rights by subjecting him to prolonged isolation and denying him proper mental health treatment by improperly housing him given his serious mental health history and needs. He also claims Defendants violated his Due Process rights by denying him the opportunity to challenge his initial, and continued, RRL designation. As relief, Segura seeks to return to general population, greater programming opportunities and monetary damages. (*Id*.)

On October 16, 2017, the Defendants filed an Answer to the Complaint. (ECF No. 42.) The close of discovery was set for April 17, 2018, and dispositive motions were due by May 17, 2018. (ECF No. 44.) Since then the parties engaged in what Defendants refer to as "robust" discovery. Mr. Segura has served Defendants with four requests for production of documents and five sets of interrogatories. Mr. Segura's

---

[1] An inmate assigned a "D" code is currently diagnosed with a serious mental illness, intellectual disability, credible functional impairment, or is guilty but mentally ill. *See* ECF No. 74-3, Access to Mental Health Care Procedures Manual, § 2, Delivery of Mental Health Services, p. 34.

motion to compel seeks documents that overlap requests posed in his first three requests for production of documents. *See* ECF Nos. 53 and 60. Plaintiff seeks all of his mental health treatment records concerning his mental health and emotion problems from July 2016 through December 2017; all records concerning his placement and continued status on RRL; all documents concerning the management of the RRL between February and December 2017; all documents relevant to Plaintiff's July 2016 – February 2017 placement in the Special Management Unit (SMU); and photographs of his present day Diversionary Treatment Unit (DTU) cell and programming area. (ECF No. 60, Mot. to Compel Reply Br.) Defendants oppose the motion citing the deliberative process privilege and security concerns consistent with their objections noted in their to producing documents specific to Mr. Segura's placement and continued status on the RRL. (ECF No. 63, Br. in Opp'n Pl.'s Mot. to Compel.) These documents include vote sheets, Integrated Case Summary, annual psychological evaluations, the RRL checklist and other documents prepared at the institutional level and then provided to Secretary Wetzel, the individual responsible for making the decision concerning an inmate's placement on or removal from the RRL. In support of their assertion of privilege, Defendants provide the declaration of Secretary Wetzel who enumerates the documents Defendants seek to protect from disclosure as well as his rationale for protecting them. (ECF No. 63-1, Wetzel Decl.) Defendants also note their production of hundreds of pages of the non-confidential portions of Mr. Segura's institutional file and medical/mental health records. (ECF No. 63, Br. in Opp'n Pl.'s Mot. to Compel.)

Additionally the Court notes that Defendants took Mr. Segura's deposition on March 20, 2018. (ECF No. 74-4, Segura Dep.) As of May 15, 2018, Defendants

admitted to "ow[ing] Mr. Segura two responses to interrogatory requests". (ECF No. 71.) Based on the outstanding motion to compel and discovery requests, both parties independently sought an enlargement of the discovery period and dispositive motion deadline. *See* ECF Nos. 68 and 71.

Two days after filing their motion for enlargement of the discovery period, Defendants filed a motion for summary judgment, supporting brief, statement of undisputed facts and supporting exhibits. (ECF Nos. 72 – 74.) Mr. Segura responded with a motion for extension of time under Federal Rule of Civil Procedure 56(d) urging the Court to grant him additional time to obtain disputed discovery as well as responses to his properly served interrogatories prior to filing his response to Defendants' motion. (ECF No. 75.) Mr. Segura also seeks appointment of counsel based on the complexities of issues involved in this action, his limited access to the law library and limited knowledge of the law, and lack of comprehension of his legal research efforts. (ECF No. 76, Mot. for Counsel.)

III. Discussion

    A. **Defendants' Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The court must determine

admitted to "ow[ing] Mr. Segura two responses to interrogatory requests". (ECF No. 71.) Based on the outstanding motion to compel and discovery requests, both parties independently sought an enlargement of the discovery period and dispositive motion deadline. *See* ECF Nos. 68 and 71.

Two days after filing their motion for enlargement of the discovery period, Defendants filed a motion for summary judgment, supporting brief, statement of undisputed facts and supporting exhibits. (ECF Nos. 72 – 74.) Mr. Segura responded with a motion for extension of time under Federal Rule of Civil Procedure 56(d) urging the Court to grant him additional time to obtain disputed discovery as well as responses to his properly served interrogatories prior to filing his response to Defendants' motion. (ECF No. 75.) Mr. Segura also seeks appointment of counsel based on the complexities of issues involved in this action, his limited access to the law library and limited knowledge of the law, and lack of comprehension of his legal research efforts. (ECF No. 76, Mot. for Counsel.)

III. Discussion

    A. **Defendants' Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The court must determine

"whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." *MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)); *see also* Fed. R. Civ. P. 56(c). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247 - 48, 106 S.Ct. at 2510.

    To prevail on summary judgment, the moving party must affirmatively identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Santini v. Fuentes*, 795 F.3d 410 (3d Cir. 2015) (citing *Celotex*, 477 U.S. at 323, 106 S.Ct. 2553). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) - (B). To withstand summary judgment, the non-moving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (citation omitted). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

Pursuant to Federal Rule of Civil 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

A party who submits an affidavit pursuant to Fed. R. Civ. P. 56(d) must "specify [ ], for example, what particular information is sought; how, if uncovered, it would preclude summary judgment and who it has not previously been obtained." *Penn., Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139 – 40 (3d Cir. 1988).

Defendants filed their summary judgment motion two days after seeking an enlargement of the discovery period due to outstanding interrogatory responses owed to Mr. Segura. (ECF No. 71.) Mr. Segura responded by filing a motion seeking additional time to respond to Defendants' motion based, in part, on his need for "evidence" he expects to obtain once his motion to compel is resolved and Defendants' fulfill their outstanding discovery obligations. (ECF No. 75.) The parties' complementary motions for extensions of the discovery period, based in part on the Defendants' acknowledged outstanding responses to Mr. Segura's interrogatories, and the pending motion to compel, both provide sufficient explanation as to why Mr. Segura has not yet obtained the information he seeks to oppose Defendants' summary judgment motion. "If

discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (citing *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3d Cir. 2007)).

The Court finds that Mr. Segura is entitled to responses to his pending discovery, and the Court's resolution to his motion to compel prior to filing a response to Defendants' motion for summary judgment. Therefore, the Defendants' motion for summary judgment (ECF No. 72) will be denied without prejudice.

### B. Mr. Segura's Motion for Counsel

Mr. Segura argues that due to the outstanding discovery matters and other complexities of this case, including Defendants' security concerns over the release of RRL related documents which are key to his constitutional claims, as well as his mental health issues, the Court should appoint him legal counsel. (ECF Nos. 53, 65, and 76.) Based on the relevant factors, the Court will conditionally grant the motion.

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel is a privilege, not a statutory right or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court

finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding to request a lawyer to represent an indigent plaintiff:

    (1) the plaintiff's ability to present his or her own case;

    (2) the difficulty of the particular legal issues;

    (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

    (4) the plaintiff's capacity to retain counsel on his or her own behalf;

    (5) the extent to which a case is likely to turn on credibility determinations, and;

    (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155 – 57. This list of factors is non exhaustive, nor is a single factor determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous case." (*Id.*)

As a threshold question, Mr. Segura asserts that his prolonged placement in solitary confinement due to the denial of appropriate housing, programming and mental health treatment violated his Eighth Amendment and Due Process rights. He asserts, and Defendants have confirmed, that he currently holds a D stability rating due to his diagnosis of a serious mental illness. In order to state an Eighth Amendment claim, plaintiff must both allege that the conditions of his confinement posed a substantial risk of serious harm, and that the defendants had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).

The second prong of this test, often referred to as "deliberate indifference," requires that a state official be aware of the substantial risk of serious harm to the prisoner, but disregarded it by failing to take steps to abate it. *Id.*, 511 U.S. at 837, 114 S.Ct. at 1979. This Court concludes that Mr. Segura has sufficiently pleaded an Eighth Amendment claim with respect to his mental health needs as they intersect with his extended placement in solitary confinement. Underscoring this finding is Mr. Segura's allegations of well-documented history of mental illness (as evidenced by his involvement in staff assaults and self-injurious behavior). The exacerbation of psychiatric symptoms during his extended solitary confinement placement (administrative or disciplinary) and Defendants' actual knowledge of his mental health issues leading to his placement on the RRL nudges Plaintiff's Eighth Amendment and Due Process claims across the line of conceivable to plausible. Mr. Segura's claims have "some merit in fact and law" and weighs in favor of appoint counsel. *Tabron*, 6 F.3d at 155.

Additionally, the remaining factors weigh heavily in Mr. Segura's favor. Unlike Mr. Segura's prior motions for counsel, the Defendants do not dispute that Mr. Segura is actively being followed by institution mental health professionals due to him being severely mentally ill. He has a D stability rating. It is suggested that his assaultive and self-injurious behavior (which includes multiple suicide attempts) is driven, in part, by his mental health issues. Furthermore, many of the documents Defendants object to disclosing to Mr. Segura, which directly address his RRL placement and continued RRL status, due to security concerns and the deliberative process privilege, could be disclosed to Plaintiff's legal counsel, if appointed, subject to a confidentiality agreement.

Finally, expert testimony may also be needed given the nature of Mr. Segura's mental health condition and claims. Plaintiff is unlikely going to be able to pursue these claims without the help of counsel, especially considering the state of his mental health. These factors weigh heavily in favor of granting Mr. Segura's motion for counsel. As the factors significantly weigh heavily in favor of appointing counsel, Plaintiff's motion (ECF No. 76) will be conditionally granted. If counsel cannot be found to represent Plaintiff, the conditional order for appointment of counsel will be revoked. Plaintiff is advised that if the Court is unable to appoint counsel in this matter, he will be required to proceed with his case without counsel.

### C. Discovery Matters

Both parties have sought an enlargement of the discovery period due to Defendants' outstanding discovery responses. (ECF Nos. 68 and 71.) Also pending is Mr. Segura's motion to compel the disclosure of various documents that appear central to his claims related to his RRL placement, continued RRL placement, and ability to challenge his RRL placement. Given the Court's decision to attempt to find counsel to represent Mr. Segura in this matter, if successful, Defense counsel and Plaintiff's counsel may be able to come to an agreement as to the disclosure of the contested documents. If not, it may be appropriate for the Defendants to submit the disputed documents to the Court for *in camera* review. Additionally, if counsel is found for Plaintiff, he or she may wish to pursue additional discovery. Therefore, at this time, the Court will stay Mr. Segura's motion to compel (ECF No. 53) to allow appointed counsel and Defendants' counsel to resolve the matter first without Court intervention.

Additionally, upon the appointed counsel's entry of appearance in this case the Court will establish new discovery and dispositive motion deadlines. Accordingly, Mr. Segura's motion to extend the discovery period (ECF No. 68), his motion for status of his motion to compel (ECF No. 69) and Defendants' motion for extension of time to complete discovery (ECF No. 71) will be granted at this time.

An appropriate order follows.

**Date: July 12, 2018**         /s/ A. Richard Caputo
                                                        **A. RICHARD CAPUTO**
                                                        **United States District Judge**